672 F.2d 796
 10 Fed. R. Evid. Serv. 709
 UNITED STATES of America, Petitioner,
v.
Honorable Lee R. WEST, United States District Judge for the
Western District of Oklahoma, Respondent,
Jack Holland Anthony, Real Party in Interest.
 No. 81-2335.
 United States Court of Appeals,
Tenth Circuit.
 Feb. 12, 1982.
 
 John F. Depue, Atty., Dept. of Justice, Washington, D. C., for petitioner.
 Michael E. Tigar of Tigar, Buffone & Doyle, Washington, D. C., for Jack Holland Anthony.
 Before BARRETT, DOYLE and LOGAN, Circuit Judges.
 BARRETT, Circuit Judge.
 
 
 1
 In this petition the Government seeks a writ of mandamus directing respondent, the Honorable Lee R. West, to vacate an order granting discovery of Office of Professional Responsibility files (hereinafter referred to as OPR files). The order granting discovery of the files was made in response to a motion for discovery in aid of a motion for new trial on the basis of newly discovered evidence in the underlying case of United States v. Anthony, D.C. No. CR-80-35-W.
 
 
 2
 The facts of the Anthony case are set forth in Anthony v. United States v. Sisney, 667 F.2d 870 (10th Cir., 1981) and need not be repeated here. The OPR files in issue concern an investigation undertaken by the Office of Professional Responsibility, Department of Justice, in response to a complaint filed by Dr. Kay Delaporte. Dr. Delaporte was a character witness on behalf of the defendant in the Anthony trial. Following the trial Dr. Delaporte filed a complaint with the Office of Professional Responsibility alleging, inter alia, that: her ex-husband Chris Delaporte improperly influenced United States Attorney Larry Patton to prosecute Anthony for the purpose of harassment; Assistant United States Attorney Susie Pritchett improperly disclosed information concerning the grand jury investigation of the Bakouras Foundation; and FBI agents were abusive in serving subpoenas on personnel at the Bakouras Foundation.
 
 
 3
 In conjunction with his motion for new trial, Anthony sought production of the OPR files. The trial court issued an order directing the Government to produce the files for in camera inspection by the court. After the Court's in camera review of the files, a hearing on Anthony's new trial motion was held. At the hearing the court determined that the defense should be allowed access to the OPR files for the limited purpose of argument on the new trial motion. Subsequently, the court issued an order directing the Government to disclose the OPR files to Anthony. The order permitted the Department of Justice to object to disclosure within ten days. Thereafter, an assistant United States attorney objected to disclosure on the grounds of privilege. Inasmuch as the claim of privilege was not asserted by the agency head, the court rejected the claim and once again ordered disclosure.
 
 
 4
 On the day the OPR files were to be turned over to Anthony, a formal claim of privilege by the United States Attorney General and a motion for reconsideration were filed. In response, the court issued an order wherein it recognized the Government's claim of privilege but nevertheless ordered disclosure finding that the defendant's interest in the files outweighed the Government's interest in confidentiality. The court also found that the "interest of justice" required that all of the files be disclosed to Anthony rather than selected portions thereof.
 
 
 5
 On application of the Government, the trial court's order directing disclosure was stayed by this court pending review of the petition for writ of mandamus.
 
 I.
 
 6
 Our first concern is directed to the jurisdiction of this court. Inasmuch as discovery orders are interlocutory orders not subject to review by appeal, our jurisdiction must rest upon the All Writs Act, 28 U.S.C. § 1651(a). We have held that review by mandamus of discovery orders involving allegedly privileged matters is appropriate when, "(1) disclosure of the allegedly privileged or confidential information renders impossible any meaningful appellate review of the claim of privilege or confidentiality; and (2) the disclosure involves questions of substantial importance to the administration of justice." United States v. Winner, 641 F.2d 825, 830 (10th Cir. 1981) quoting from Iowa Beef Processors, Inc. v. Bagley, 601 F.2d 949 (8th Cir. 1979), cert. denied, 441 U.S. 907, 99 S.Ct. 1997, 60 L.Ed.2d 376 (1979).
 
 
 7
 The fact that the trial court's order limited disclosure of the OPR files for purposes of argument on the motion for new trial, does not lessen the burden on the privilege. Whether disclosure is limited to a motion or granted in the course of the trial, the privilege is still rendered worthless. Any subsequent review, even after limited disclosure, would be for naught, because the damage would already be accomplished. Thus, appellate review of the claim would be meaningless.
 
 
 8
 We also hold that disclosure of the OPR files involves "questions of substantial importance to the administration of justice." In our view, this case presents questions as to the extreme limits of relevancy and the permissible scope of a criminal trial. The case involves a privilege asserted by high level public officials and involves the internal checks of a separate branch of government. Therefore, we hold that this case presents the appropriate criteria for review by mandamus. See United States v. Winner, supra.
 
 II.
 
 9
 We now turn to the merits of the petition. In order to obtain a writ of mandamus, the petitioning party must show that no other adequate relief is available and that his right to the writ is clear and indisputable. Kerr v. United States District Ct. for N.D. of Cal., 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). The right to the writ is clear and indisputable when the petitioner can show a judicial usurpation of power or a clear abuse of discretion. Bankers Life & Casualty Company v. Holland, 346 U.S. 379, 74 S.Ct. 145, 98 L.Ed. 106 (1953), Schlagenhauf v. Holder, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964), United States v. Winner, supra.
 
 
 10
 Generally, the trial court has wide discretion concerning discovery matters. However, the concepts of relevancy and materiality necessarily place some limitations on the court's discretion. When executive privilege is involved, the trial court's discretion should be guided by a balancing test. Denver Policemen's Assoc. v. Lichtenstein, 660 F.2d 432 (10th Cir. 1981). In light of the broad discretion allowed the trial court and the strict standards of review governing mandamus, we deemed it necessary to review the in camera materials to ensure that our decision is based on the record as a whole. See Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).
 
 
 11
 As noted above, this case centers around the issue of relevancy. In his motion for discovery, Anthony contended that the OPR files were relevant to his motion for new trial in that matters in the files would help establish his defense, i.e. that he lacked the specific intent necessary to commit the crime; that materials in the files would lend support to Dr. Delaporte's credibility which in turn would boost Anthony's credibility; and that the OPR files would establish governmental misconduct. After in camera review the trial court determined that the files were relevant because they, "might support the Defendant's argument, namely: that governmental misconduct by several employees did occur; that information that was exculpatory was withheld from Defendant; and that the court had been affirmatively misled and deceived by the then U.S. Attorney, Larry Patton." (Order of Court, October 6, 1981).
 
 
 12
 While the OPR files may be relevant to the allegations of governmental misconduct, we hold that they are not relevant in relation to Anthony's defense. We recognize that we are not here reviewing the motion for new trial; even so, our review of the discovery order and its relevance to the motion for new trial necessarily entails some discussion of certain aspects of the new trial motion. A new trial based upon newly discovered evidence is appropriate only when the newly discovered evidence is more than impeaching and would have likely produced an acquittal had it been available in the first instance. United States v. Mucci, 630 F.2d 737 (10th Cir. 1980); United States v. Weninger, 624 F.2d 163 (10th Cir. 1980), cert. denied, 449 U.S. 1012, 101 S.Ct. 568, 66 L.Ed.2d 470 (1980); United States v. Jackson, 579 F.2d 553 (10th Cir. 1978), cert. denied, 439 U.S. 981, 99 S.Ct. 569, 58 L.Ed.2d 652 (1978); United States v. Plum, 558 F.2d 568 (10th Cir. 1977); United States v. Maestas, 523 F.2d 316 (10th Cir. 1975).
 
 
 13
 Anthony contends that the information contained in the OPR files is relevant to his defense of lack of specific intent. More specifically, Anthony claims that the OPR files will establish that he was "framed" as a result of a concerted effort by the Government and opponents of the Bakouras Foundation. As the Government points out in its petition, if this material is truly "newly discovered evidence", it has no bearing on Anthony's intent or the reasonableness of his beliefs at the time of the crime. We noted in Anthony v. United States v. Sisney, supra, that it is irrelevant whether or not Anthony had a legitimate grievance against the victims of the wiretap. The grievance does not provide an excuse for illegal conduct. See also: United States v. Duncan, 598 F.2d 839 (4th Cir. 1979), cert. denied, 444 U.S. 871, 100 S.Ct. 148, 62 L.Ed.2d 96 (1979) (no discovery of tapes establishing existence of hostility inasmuch as hostility did not provide defense). In light of the overwhelming evidence connecting Anthony with the crime, i.e. wearing plastic gloves, records of surveillance found at Anthony's home, and the reasonable inferences derived therefrom, it is inconceivable that any evidence of the alleged "frame up" would have produced an acquittal. See King v. United States, 402 F.2d 289 (10th Cir. 1968). Beyond this, however, our careful review of the OPR files in their entirety did not reveal any evidence establishing a "frame up" of Anthony. At most, materials in the files establish some hostility between subjects of the investigation and the Bakouras Foundation.
 
 
 14
 Anthony further contends that the OPR files are relevant because they would support Dr. Delaporte's credibility, which, in turn, would boost Anthony's credibility. Dr. Delaporte testified to a close relationship between her ex-husband and United States Attorney Larry Patton. Anthony contends that the OPR files contain evidence establishing this relationship. As a general rule, newly discovered evidence which goes merely to credibility is not a sufficient ground for a new trial. United States v. Jackson, supra. In any event, evidence concerning the personal relationships of the ex-spouse of a character witness, even if relevant, borders upon that which is collateral, having a high potential for confusing the triable issues.
 
 
 15
 Anthony's final contention of relevancy, which is apparently the underlying reason for the trial court's order, is that the OPR files would establish that the Government deliberately withheld exculpatory information from the accused. More specifically, Anthony addresses an instance of alleged perjury by the United States Attorney in initially informing the court that an FBI agent had listened to certain tapes and that they did not contain exculpatory material. Subsequently, the FBI agent filed an affidavit wherein he stated that he had merely monitored the tapes at intervals when they were being played for the victims for identification purposes. Our in camera review of the OPR files failed to uncover any reference whatsoever to this alleged perjury. Thus, discovery of the OPR files for this purpose would amount simply to a fishing expedition.
 
 
 16
 The court apparently felt aggrieved by the United States Attorney's failure to correct the impression that Chris Delaporte was not influential in Mr. Patton's appointment and that Chris Delaporte and Larry Patton had never discussed the Anthony case. The OPR files may be relevant to the allegation of governmental misconduct. However, the governmental misconduct involved here is clearly irrelevant to the issue of Anthony's guilt. Governmental misconduct is relevant to a criminal trial only if it was so prejudicial that had it not occurred an acquittal would have been the likely result. Otherwise, governmental misconduct is a matter for independent investigation and action, if warranted.
 
 
 17
 Assuming, arguendo, that Mr. Delaporte was instrumental in obtaining Mr. Patton's appointment and that Chris Delaporte and Larry Patton did discuss the Anthony case, we cannot hold that such conduct provides a legal excuse for Anthony's illegal activity. It can hardly be argued, in light of the evidence at trial, that Anthony was simply an innocent, unsuspecting bystander whom Chris Delaporte and Larry Patton targeted for prosecution. Absent evidence that this alleged misconduct was so grievous as to deny Anthony a fair trial, it cannot be allowed to obscure the issue of Anthony's guilt. Thus, it should properly be confined to the Office of Professional Responsibility's investigation. Anthony has utterly failed to establish how this alleged misconduct denied him a fair trial. Chris Delaporte was not a witness at the trial. The alleged misconduct of Larry Patton simply does not relate to the fairness of the trial.
 
 
 18
 Finally, we note that Anthony quotes from the transcripts of recorded conversations between Chris Delaporte and another individual. Accordingly, we can only assume that somehow Anthony already has access to much of the material contained in the OPR files. We observe that the Government excepted certain letters in the OPR files from the claim of privilege.
 
 
 19
 In view of our holding that the OPR files are not likely relevant to Anthony's case or, if so, of slight or marginal weight, and in light of the fact that Anthony apparently has the material available from other sources, we must hold that the trial court's finding that the files are relevant is clearly erroneous. Thus, the court's order directing discovery is a clear abuse of discretion. Inasmuch as we hold that the OPR files are irrelevant, we need not reach the issue of executive privilege.
 
 
 20
 Let the writ be forthwith issued.