**U.S. STEEL CORPORATION, Republic Steel Corporation, et al., Plaintiffs,**

v.

**UNITED STATES of America, et al., Defendants,**

and

**Companhia Siderurgica Paulista, et al., Intervenors.**

**U.S. STEEL CORPORATION, Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants,**

and

**Companhia Siderurgica Paulista, et al., Intervenors.**

**BETHLEHEM STEEL CORPORATION, et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Court Nos. 82–10–01361, 82–10–01361S and 82–10–01369.**

United States Court of International Trade.

Dec. 7, 1983.

J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Francis J. Sailer, Attorney, Commercial Litigation Branch, Washington, D.C., for U.S.

Law Department of United States Steel Corporation (D.B. King, J.J. Mangan, C.D. Mallick, L. Ranney and P.J. Koenig, Pittsburgh, Pa., of counsel), for plaintiff U.S. Steel Corp.

Cravath, Swaine & Moore, New York City (Joseph R. Sahid and Steven Schulman, New York City, of counsel), for plaintiffs Republic Steel Corp., Inland Steel Co., Jones & Laughlin Steel Inc., National Steel Corp., and Cyclops Corp.

## MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER

WATSON, Judge:

The defendant has moved pursuant to Rule 26(c) of the Rules of this Court for an

order protecting approximately 284 documents[1] from discovery or disclosure on the grounds that they contain privileged, deliberative information. The material in question is part of the administrative record of a Department of Commerce countervailing duty investigation which is under judicial review in these actions.

The defendant's motion is supported by the affidavit of Lionel H. Olmer, Under Secretary for International Trade, in which he asserts that all of the material contains agency communications reflecting the deliberative and decision-making process. The Court, after review of the documents *in camera,* has decided that approximately 15 percent of the material is not entitled to a protective order because it either is not privileged against disclosure, or the need of plaintiffs outweighs the importance of the privilege. A few documents have not been located in the record and, as to them, the motion will be decided when they are found. The remaining documents are held to be privileged. In making this determination the Court has carefully examined the material in dispute and has applied established standards of case law.

■ The underpinning of the executive-deliberative privilege is the protection of governmental communications containing advisory opinions, recommendations and deliberations comprising part of the process by which governmental decisions are formulated. *SCM Corp. v. United States,* 82 Cust.Ct. 351; C.R.D. 79–11; 473 F.Supp. 791 (1979), *Carl Zeiss Stiftung v. V.E.B. Carl Zeiss Jena,* 40 F.R.D. 318 (D.D.C. 1966), aff'd on opinion below, 384 F.2d 979 (D.C.Cir.1967) *cert. denied,* 389 U.S. 952, 88 S.Ct. 334, 19 L.Ed.2d 361.

■ The purpose behind the privilege is the encouragement of free and frank discussion within the government regarding the formulation of policy as well as the insulation of the mental processes of executive or administrative officers from judicial review. *E.P.A. v. Mink,* 410 U.S. 73, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973); *Sprague*

---

**1.** The term "document" is used in a broad sense

in this decision and includes tape recordings.

*Elec. Co. v. United States,* 81 Cust.Ct. 168, 462 F.Supp. 966 (1978). Communications entitled to the protection of this privilege must be deliberative. "Pre-decisional materials are not exempt merely because they are pre-decisional; they must also be a part of the agency give and take—of the deliberative process—by which the decision itself is made." *Vaughn v. Rosen,* 523 F.2d 1136, 1144 (D.C.Cir.1975).[2]

Post-decisional communications containing or explaining final agency policy and decisions are not considered deliberative and thus are not protected from disclosure. *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 151–2, 95 S.Ct. 1504, 1516–17, 44 L.Ed.2d 29 (1975). "To prevent the development of secret law within the Commission, we must require it to disclose orders and interpretations which it actually applies before it." *Sterling Drug Inc. v. F.T.C.,* 450 F.2d 698 at 708 (D.C.Cir.1971).

Material comprised of purely factual or objective material not part of the deliberative process or, where the factual material contained within the deliberative memoranda is severable are also outside the scope of the privilege. *E.P.A. v. Mink, supra,* 410 U.S. at 87–88, 93 S.Ct. at 836. Those documents that may be deemed deliberative when originated, but were expressly adopted or incorporated by reference in a final agency decision, are also not entitled to any deliberative privilege. *NLRB v. Sears, Roebuck & Co., supra,* 421 U.S. at 161, 95 S.Ct. at 1521–1522.

After all these considerations are taken into account, from the vantage point of the final agency decision, that material which still possesses the uncrystallized and indecisive nature of deliberations is entitled to a *qualified* privilege. At that point the Court must balance the competing interests of the parties involved, by weighing the importance of preserving confidentiality against the adversary's need for disclosure

**2.** Although the cited decision involved the Freedom of Information Act, 5 U.S.C. § 552(b)(5), decisions ordering disclosure under that Act are pertinent in delineating information which is *unqualified* for the deliberative privilege. 2 *J.*

of the information. *Sprague Elec. Co. v. United States, supra.*

This Court, after careful review, finds that the documents listed by page number in the Appendix, attached to and made a part of this order, are not entitled to a protective order. The material on that list is either not deliberative within the criteria applied by the Court, or the plaintiffs' need for it is paramount. As to those documents the motion is DENIED.

The documents numbered 101079–101101; 101110; 101124–101129; 101161–102115; 101239; and 101241–101252 have not been found in the administrative record. The defendant is ordered to locate and forward these documents to the Court. Defendant's motion will remain pending with respect to those documents until the Court has an opportunity to review them.

With respect to the remaining documents, defendant's motion for a protective order is GRANTED and those documents shall not be disclosed.

### APPENDIX

(1) 005007–11
(2) 100149
(3) 100150
(4) 100152
(5) 100211–23
(6) 100688–701
(7) 100766–71
(8) 100883–4
(9) 101102–3
(10) 101139–54
(11) 101157–60
(12) 101135
(13) 101138
(14) 101155
(15) 101249–51
(16) 101253
(17) 101256–7
(18) 101264–71
(19) 101289–90
(20) 101302–20

*Weinstein & M. Berger, Weinstein's Evidence* ¶ 509–41 (1981); *see also E.P.A. v. Mink,* 410 U.S. 73, 85–86, 93 S.Ct. 827, 835–836, 35 L.Ed.2d 119; *McClelland v. Andrus,* 606 F.2d 1278 n. 54 (D.C.Cir.1979).

(21) 101326
(22) 101413–31
(23) 101436–49
(24) 101472
(25) 101568
(26) 101569
(27) 101623–26
(28) 101627–38
(29) 101639–41
(30) 101717–20
(31) 101723
(32) 101753–57
(33) 101758
(34) 101760
(35) 101797–817
(36) 101876–78
(37) 101887–905
(38) 101906
(39) 102037–50
(40) 102064–111
(41) 102113
(42) 102214–15
(43) 102233
(44) 102320–24
(45) 102331–39
(46) 102355–61
(47) 102635