746 F.2d 653
 40 Fed.R.Serv.2d 432
 BARCLAYSAMERICAN CORPORATION, Barclaysamerican/Financial,
Inc., Richard L. Gray, Sue Birrell and Robyn M.
Brown, Defendants and Petitioners,
v.
John L. KANE, Jr., United States District Judge for the
District of Colorado, Respondent.
 No. 84-1952.
 United States Court of Appeals,
Tenth Circuit.
 July 20, 1984.
 
 Robert L. Lofts, Mark C. Jensen of Severson, Werson, Burke & Melchior, San Francisco, Cal., and John P. Ashton, Thomas J. Erbin of Prince, Yeates & Geldzahler, Salt Lake City, Utah, for petitioner Barclaysamerican Corp.
 David E. Gee, Clark Waddoups and James D. Gordon, III of Rooker, Larsen, Kimball & Parr, Salt Lake City, Utah, for plaintiffs-respondents real parties in interest.
 Before HOLLOWAY, BARRETT and DOYLE, Circuit Judges.
 HOLLOWAY, Circuit Judge.
 
 
 1
 In this action, petitioners request that we issue a writ of mandamus or prohibition to vacate the trial court's order directing petitioners to disclose various documents that the trial judge determined were not protected by the attorney-client privilege or the work product doctrine. We conclude that the petition for an extraordinary writ should be denied.
 
 
 2
 Petitioners are defendants in a civil suit in which plaintiffs have alleged "federal and state securities law violations, negligent misrepresentation, and general negligence." Trial court opinion at 2. At trial plaintiffs sought discovery of various documents that defendants maintained were protected by the attorney-client privilege or the work product doctrine. When defendants refused to disclose these documents, plaintiffs moved to compel discovery. Defendants opposed this motion and submitted a revised privilege log, which identified "the withheld documents, the names of individuals to whom the documents were circulated, the author, the date of its communication to others, and the privilege ascribed to the document." Trial court opinion at 1. The defendants also submitted declarations of Mark C. Jensen, defendants' present counsel, and Wallace C. Tyser, defendants' in house counsel, which essentially state that the documents at issue conform to their description in the privilege log. Trial Court opinion at 4.
 
 
 3
 In his written opinion, the trial judge determined that some of the documents were not protected by the attorney-client privilege or the work product privilege, and that others were protected. There were other documents for which the description in the privilege log was insufficient for the trial judge to determine whether the privilege applied. As to these documents, the trial judge ruled that he would make an in camera inspection. Trial Court opinion at 11-12.
 
 
 4
 * Mandamus is a drastic remedy, and is "to be invoked only in extraordinary situations." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980) (per curiam). Under the All Writs Act, "courts of appeals may issue a writ of mandamus only when 'necessary or appropriate in aid of their respective jurisdictions.' " Id. at 34-35, 101 S.Ct. at 190. (quoting 28 U.S.C. Sec. 1651(a)). The writ has been traditionally used only to confine an inferior court to the lawful exercise of its prescribed jurisdiction or to compel it to exercise authority when it has a duty to do so. Id. at 35, 101 S.Ct. at 190; Will v. United States, 389 U.S. 90, 95, 88 S.Ct. 269, 275, 19 L.Ed.2d 305 (1967). Mandamus may not be used as a substitute for appeal e.g., Will v. United States, supra, 389 U.S. at 97, 88 S.Ct. at 274, and "as a general rule appellate review should be postponed until after final judgment has been rendered by the trial court." Daiflon, supra, 449 U.S. at 35, 101 S.Ct. at 190.
 
 
 5
 The Supreme Court has required that a party seeking mandamus demonstrate that he has no other adequate means of relief and that his right to the writ is "clear and indisputable." Daiflon, supra, 449 U.S. at 35, 101 S.Ct. at 190. In a mandamus action in which petitioner seeks to have discovery orders involving a claim of privilege reviewed, we have held that review is appropriate when: " '(1) disclosure of the allegedly privileged or confidential information renders impossible any meaningful appellate review of the claim of privilege or confidentiality; and (2) the disclosure involves questions of substantial importance to the administration of justice.' " United States v. West, 672 F.2d 796, 798-99 (10th Cir.1982) (quoting United States v. Winner, 641 F.2d 825, 830 (10th Cir.1981) (quoting Iowa Beef Processors, Inc. v. Bagley, 601 F.2d 949 (8th Cir.1979)), cert. denied, 457 U.S. 1133, 102 S.Ct. 2959, 73 L.Ed.2d 1350 (1982). West teaches that we should first determine whether the above two prong test is satisfied before considering the merits of the petition. United States v. West, supra, 672 F.2d at 798-99; see also United States v. Winner, supra, 641 F.2d at 830.
 
 
 6
 Although the petitioners may satisfy the first prong, we conclude that the second prong is not satisfied here. In most cases disclosure makes meaningful review impossible because after disclosure whatever privilege attaches would be "worthless". United States v. West, supra, 672 F.2d at 799; see also Jenkins v. Weinshienk, 670 F.2d 915, 917 (10th Cir.1982) (when a court orders production of "information over a litigant's claim of privilege not to disclose, appeal after a final decision is an inadequate remedy" and mandamus may be appropriate).
 
 
 7
 Petitioners have not shown that this action involves a question of substantial importance to the administration of justice. This case is unlike either West or Winner where the court found that such questions were present. In West questions involving the extreme limits of relevancy, the permissible scope of a criminal trial, and the internal checks of a separate branch of government were at issue. 672 F.2d at 799. Similarly, in Winner questions regarding constitutional rights, secrecy of grand jury proceedings, and separation of powers were present. 641 F.2d at 831. In contrast, the instant case involves a discovery dispute between private litigants. We cannot say that a question of substantial importance to the administration of justice is at issue.
 
 
 8
 Rather, this case more closely resembles Will v. United States, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967). In Will the trial court ordered the Government to produce information that a criminal defendant had requested in his bill of particulars. In support of the court of appeals' decision to issue a writ of mandamus vacating the order, the Government argued that the trial court had a general policy requiring such disclosure, and that such a policy would offend the informant's privilege. Id. at 99, 88 S.Ct. at 275. The Supreme Court found that there was no evidence in the record that the trial court had adopted a deliberate policy in open defiance of federal rules in matters of criminal discovery. Therefore, the Court concluded that the most that can be claimed is that petitioner may have erred in ruling on matters within his jurisdiction, and that the extraordinary writs do not reach such cases. Id. at 102-04, 88 S.Ct. at 277-278.
 
 
 9
 Similarly, in the case at bar there is no evidence that the trial judge has a general policy of ordering production of information protected by the attorney-client privilege or work product doctrine. On the contrary, his opinion indicates that he carefully considered the applicability of both privileges, and found some documents to be protected from discovery and others unprotected. See Trial Court opinion at 11-12. As in Will the most that could be claimed would be that he may have erred in some of his rulings. See City of Los Angeles v. Williams, 438 F.2d 522 (9th Cir.1971) (noting that Will rejected argument that claim of privilege enjoys special status for extraordinary writs, and holding that grand jury subpoena demanding allegedly privileged matters was not reviewable by way of mandamus).
 
 
 10
 Further, the petitioners have failed to demonstrate a right to the writ which is "clear and indisputable." E.g., Will v. United States, supra, 389 U.S. at 96; 88 S.Ct. at 274; United States v. Winner, supra, 641 F.2d at 830; see also Daiflon, supra, 449 U.S. at 35, 101 S.Ct. at 190. Although a simple showing of error may suffice to obtain reversal on direct appeal, a greater showing must be made to obtain a writ of mandamus. See Daiflon, supra, 449 U.S. at 35, 101 S.Ct. at 190. (Although simple showing of error may be enough for reversal on direct appeal, to issue a writ of mandamus in such circumstances would undermine the limitations in appellate court to review interlocutory orders); United States v. Winner, supra, 641 F.2d at 831 (same as Daiflon ); see also Will v. United States, supra, 389 U.S. at 98 n. 6, 103-04, 88 S.Ct. at 275 n. 6, 278 (all that can be claimed is that the court erred on matters within its jurisdiction, but extraordinary writs do not reach such cases).
 
 
 11
 The party seeking to assert the attorney-client privilege or the work product doctrine as a bar to discovery has the burden of establishing that either or both is applicable. See In re Grand Jury Proceedings (Dorokee Co.), 697 F.2d 277, 279 (10th Cir.1983) (burden on party asserting a privilege); United States v. Bump, 605 F.2d 548, 551 (10th Cir.1979) (burden is on party asserting that communication is protected by attorney-client privilege); Feldman v. Pioneer Petroleum, Inc., 87 F.R.D. 86, 88 (W.D.Okla.1980) (party objecting to discovery has burden of establishing that information sought is protected by work product doctrine). In determining whether the documents at issue were privileged, the trial court had only a privilege log with which to make its decision. The burden was on petitioners to establish that a privilege clearly applied so that the right to the writ is clear and indisputable. The showing of the extraordinary circumstances required for a writ is not made.
 
 
 12
 Accordingly the temporary stay order of this court entered on July 2, 1984, is vacated and the petition for a writ of mandamus or prohibition is denied.