**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

v.

**JUAN RIVERA, Defendant**

Criminal No. 281/1984

Territorial Court of the Virgin Islands

Div. of St. Croix

January 25, 1985

LAURENCE H. SPIVACK, ESQ., Assistant Attorney General (Department of Law), Christiansted, St. Croix, V.I., *for government*

DOUGLAS A. BRADY, ESQ., Christiansted, St. Croix, V.I., *for defendant*

PETERSEN, *Judge*

## MEMORANDUM OPINION

This matter is before the Court upon the motion of the defendant for the deposition of the Assistant United States Attorney. Also before this Court is a motion of the Government of the United States of America, not a party to this action, to quash a subpoena duces tecum. For the reasons set forth below, the Motion for Leave to Take Deposition is denied and the Motion to Quash Subpoena Duces Tecum is denied in part and granted in part.

## FACTS

On November 11, 1984, the defendant filed a Motion for Leave to take Deposition of Assistant United States Attorney Andrew J. Reich. Claiming that the information available to the Assistant United States Attorney would assist the Defendant in his preparation for trial and perhaps exculpate him from the crimes charged, the Defendant seeks to orally depose the Assistant United States Attorney. The Defendant also seeks to review the contents of the United States Attorney's file, including all reports, memoranda, transcripts, notations of conversations, signed statements and any other writings concerning Defendant's arrest on or about April 3, 1984. The office of the United States Attorney, on November 13, 1984, submitted a Motion to Quash Subpoena Duces Tecum, claiming that the request exceeds the scope of Rule 15 of the Federal Rules of Criminal Procedure, that the affidavit submitted by Defendant does not explain clearly either the testimony desired or the relevance of the testimony to the proceeding, and that the executive privilege protects *any* oral testimony sought.

## ISSUES

The issues to be resolved by this Court are (1) whether the United States Attorney, not a party to this suit, can be required to submit to

an oral deposition, and (2) whether such attorney can be required to comply with a subpoena duces tecum.

## DISCUSSION

### I.

Although the United States Attorney is not a party to this action, Defendant claims that the information, gathered by the Office of the United States Attorney which formed the basis for their decision not to prosecute the Defendant in a similar proceeding, would aid the Defendant in his preparation for this trial and perhaps exculpate him of the crimes charged. Defendant also seeks the oral testimony of Assistant United States Attorney Reich in order to obtain not only any information gained by Attorney Reich from persons with personal knowledge, but also the reasons underlying the decision not to prosecute the Defendant.

The United States Attorney contends that the executive or governmental privilege prohibits the defendant from probing into intra-office communications.

■ The executive-deliberative privilege protects governmental communications containing advisory opinions, recommendations and deliberations comprising part of the process by which governmental decisions are formulated. United States Steel Corp. v. United States, 578 F.Supp. 418 (1983). See also, SCM Corp. v. United States, 473 F.Supp. 791 (1979), Carl Zeiss Stiftung v. V.E.B. Carl Zeiss Jena, 40 FRD 318 (D.D.C. 1966), aff'd on opinion below, 384 F.2d 979 (D.C. Cir. 1967), cert. denied, 389 U.S. 952, 88 S.Ct. 334, 19 L.Ed.2d 361 (1967).

■ The purpose behind this executive privilege is the encouragement of free and frank discussion within the government regarding the formulation of policy as well as the insulation of the mental processes of executive or administrative offices from judicial review. 578 F.Supp. at 419. See EPA v. Mink, 410 U.S. 73, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973); Sprague Elec. Co. v. United States, 462 F.Supp. 966 (1977). Nevertheless, communications entitled to the protection of this privilege must be deliberative. "Pre-decisional material are not exempt merely because they are pre-decisional; they must also be a part of the agency give and take of the deliberative process by which the decision itself is made." Vaughn v. Rosen, 523 F.2d 1136, 1144 (D.C. Civ. 1973). Furthermore, in United States v. Cox, 342 F.2d 167 (1965), the court noted the discretionary power of the United States Attorney:

234

The discretionary power of the attorney for the United States in determining whether a prosecution shall be commenced or maintained may well depend upon matters of policy wholly apart from any question of probable cause . . . he exercises a discretion as to whether or not there shall be a prosecution in a particular case. It follows, as an incident of the constitutional separation of powers, that the courts are not to interfere with the free exercise of the attorneys of the United States in their control over criminal prosecutions. Id. at 171, citing Dear Wing Jung v. United States, 312 F.2d 73 (9th Cir. 1963).

■ As this Court finds that the Defendant desires oral testimony regarding mental and deliberative processes of the attorney of the United States, the motion for leave to take the deposition of Assistant United States Attorney will be denied.

## II.

The next issue considered by this Court is whether the Attorney of the United States can be compelled to submit to a subpoena duces tecum. The defendant also seeks to review the file of the office of the United States Attorney. The Defendant argues that the governmental documents, including reports, memoranda, transcripts, notations, and inter-office memos are necessary for him to be able to prepare his defense. The U.S. Attorney contends that the executive privilege prevents disclosure of such information.

■ The executive privilege allows governmental department heads to prevent disclosure of documents within their control, if nondisclosure would serve the public interest. However, this privilege is not absolute. The government's interest in maintaining confidentiality must be weighed against the need of those who seek discovery of the material. Id. at 711. See, United States v. Reynolds, 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727 (1953); United States v. O'Neil, 619 F.2d 222 (3d. Cir. 1980).

■ ■ While the trial court generally has wide discretion concerning discovery matters, its discretion is limited by relevancy and materiality of the evidence sought. When the executive privilege is involved, the trial court's discretion must be guided by a balancing test. United States v. West, 672 F.2d 796 (10th Cir. 1982). This test weighs the defendant's interests of full disclosure of the facts versus the privilege of the government to withhold the facts. The rules of evidence concerning relevancy and materiality, also provide safe-

235

guards against unlimited review. Denver Policemen's Protective Ass'n. v. Lichtenstein, 660 F.2d 432 (10th Cir. 1981).

■ In the instant case, the Defendant has shown that the requested materials are relevant and material. While recognizing the government's claim of executive privilege, this Court does not believe that a *complete* ban on disclosure of the United States Attorney's file is necessary to protect the interest of either the government or the public. Nevertheless, the disclosure of information by the United States Attorney must be done in a manner least intrusive of his rights. In camera inspection, one of the least intrusive methods, has been sanctioned as an appropriate means of disclosure. Nixon v. Administrator of General Services, 433 U.S. 425, 97 S.Ct. 277, 53 L.Ed.2d 867 (1977), United States v. Reynolds, 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727 (1953); United States v. O'Neil, 619 F.2d 222 (3d Cir. 1980); Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). The file will be reviewed in camera and any factual, nondeliberative information will be required to be released to the defendant.

The U.S. Attorney argues that, even if the file and the oral testimony are discoverable, the defendant has not complied with 28 C.F.R. Section 1622. This section has been used in cases where a United States Attorney has refused to testify under a subpoena duces tecum when the attorney did not have permission to testify under regulations governing testimony by Department of Justice personnel. The regulations prohibit a Department employee from disclosing information or producing material in Department files or acquired as a part of the attorney's official duties, without prior approval by the appropriate Department official or the Attorney General. 28 CFR Sections 16.22 et seq. The procedural predicate for such approval is an affidavit summarizing the testimony. Upon receipt, the U.S. Attorney must channel the affidavit to the appropriate official.

■ The record indicates that the defendant submitted an affidavit summarizing the material desired. The United States Attorney's office responds that the affidavit is not specific enough to fulfill the requirements of an affidavit "setting forth a summary of the oral testimony and documentation being sought and the relevance of such information to the proceeding." 28 CFR Section 2622. This Court finds that the affidavit does satisfy sufficiently this section of the Code. It is incumbent upon the United States Attorney's Office to channel the affidavit to the responsible official in order to obtain the required approval.

For the aforementioned reasons, the U.S. Attorney's Motion to Quash Subpoena Duces Tecum is denied in part, and granted in part, subject to in camera inspection.