**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 4, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

In re:  RBS SECURITIES, INC.; RBS
ACCEPTANCE, INC.; FINANCIAL
ASSET SECURITIES CORP.,

     Petitioners.

No. 14-3151
(D.C. No. 2:11-CV-02340-JWL-JPO)

_____

**ORDER**
_____

Before **BRISCOE**, Chief Judge, **HOLMES**, and **BACHARACH**, Circuit Judges.
_____

This matter is before the court following the panel's determination, *sua sponte*, that the order issued originally in this case on August 25, 2014, should be published. As part of that publication, we note a slight amendment to the second sentence of the last paragraph on page 4. With that modification, the clerk is directed to reissue the order in published form. A copy of the published decision is attached to this order.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

FILED
United States Court of Appeals
Tenth Circuit

September 4, 2014

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re:

RBS SECURITIES, INC.;
RBS ACCEPTANCE, INC.,
FINANCIAL ASSET SECURITIES
CORP.,

            Petitioners.

No. 14-3151
(D.C. No. 2:11-CV-02340-JWL-JPO)
(D. Kan.)

---

**ORDER**

---

Before **BRISCOE**, Chief Judge, **HOLMES** and **BACHARACH**, Circuit Judges.

---

RBS Securities, Inc., RBS Acceptance, Inc., and Financial Asset Securities

Corp. (collectively "RBS") petition "this Court for a writ of mandamus directing the

District Court to strike Section 2 of the Master Discovery Protocol and vacate all

discovery orders entered in this case pursuant to Section 2." Pet. at 2. For the

reasons explained below, we conclude that RBS has failed to establish its entitlement

to the extraordinary remedy of a writ of mandamus.

I.  Background

The National Credit Union Administration Board ("NCUA") has brought a

number of actions against RBS and other defendants in the District of Kansas, the

Central District of California, and the Southern District of New York. RBS and the

other defendants moved pursuant to 28 U.S.C. § 1407 to centralize the litigation in the District of Kansas. NCUA opposed the request for consolidation, but agreed that coordination of its actions would create efficiencies. The Judicial Panel on Multidistrict Litigation ("JPML") denied the consolidation request, noting that the cases did not share sufficient common questions to warrant consolidation. But the JPML order indicated that "alternatives to centralization exist, in particular informal cooperation among the involved attorneys and coordination between the involved courts, that may minimize whatever possibilities there may be of duplicative discovery or inconsistent pretrial rulings." Pet. App., Vol. 4 at 834.

After the JPML issued its order, the defendants, including RBS, submitted a letter to the three district courts overseeing NCUA's cases in Kansas, California, and New York and stated that they would agree to the entry of some form of a master discovery protocol to apply in all of the related litigation in all three districts. NCUA then submitted a specific proposal on coordination, suggesting that all three judges designate a coordination judge and noting that the coordination judge could confer with the other judges before issuing a ruling.

In early April, there was a joint hearing held to discuss coordinating discovery in the related litigation in all three districts. Judge Cote from New York reported that she and the other judges (Judge Lungstrum and Magistrate Judge O'Hara from Kansas and Judge Wu from California) had been consulting with each other, had decided that there would be a coordination judge, and that she would serve in that

role.  RBS aired its objections during the hearing, but ultimately, the judges decided to move forward with the coordination plan.  Subsequently, a "Master Discovery Protocol" ("MDP" or "the Protocol") was entered in each of the related cases pending in each of the three districts.

RBS seeks to strike Section 2 of the Protocol through this mandamus petition. That section is titled "Procedure for Presenting Discovery Dispute" and provides:

> To avoid unnecessary conflicts and inconsistencies in the rulings in the Actions, Judge Cote is designated as the "Coordination Judge" for all Actions.  All discovery applications and disputes shall be brought to the Coordination Judge in the form of a two-page letter, with copies simultaneously provided to the other three Judges.  Following consultation with Judges Lungstrum and/or O'Hara, and Judge Wu, the Coordination Judge will endeavor to respond promptly.
>
> All applications and disputes regarding discovery in any Action will be filed in the lead case pending in the Southern District of New York (currently 13 Civ. 6705).  If the application or dispute applies to fewer than all Actions, then the submission should be filed as well in the Action or Actions to which it applies.  The discovery parameters and limitations set forth in the ruling by the Coordination Judge on the application or dispute will be given effect in all Actions, unless the ruling indicates otherwise.

Add. to Pet. at 4.

At the end of April, RBS and Nomura, one of the other defendants, filed a motion in the District of Kansas to modify the MDP requesting that the district court strike Section 2.  The district court denied the motion to modify.

Subsequently, RBS filed the instant mandamus petition.  Nomura did not join in the mandamus petition and neither have the other seven defendants in these actions.  RBS has also filed mandamus petitions in the Second and Ninth Circuits

- 3 -

seeking orders directing the district courts in those circuits to strike Section 2 of the MDP.

II. Discussion

"[A] writ of mandamus is a drastic remedy, and is to be invoked only in extraordinary circumstances." *In re Cooper & Tire Rubber Co.*, 568 F.3d 1180, 1186 (10th Cir. 2009) (internal quotation marks omitted). It is "used only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Id.* (internal quotation marks omitted). In order to be entitled to a writ of mandamus, three conditions must be met:

> First, because a writ is not a substitute for an appeal, the party seeking issuance of the writ must have no other adequate means to attain the relief he desires. Second, the petitioner must demonstrate that his right to the writ is clear and indisputable. Finally, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances.

*Id.* at 1187 (internal citations and quotation marks omitted).

Discovery orders, like the one at issue in this case, are interlocutory and not subject to appeal until final judgment. On occasion, we have permitted review of discovery orders in the mandamus context. *See*, *e.g., id.* at 1183 (reviewing mandamus petition involving claim that district court disregarded the Federal Rules of Civil Procedure in ordering discovery); *Barclaysamerican Corp. v. Kane*, 746 F.2d 653, 654 (10th Cir. 1984) (reviewing mandamus petition involving claim that district

- 4 -

court's order required disclosure of privileged information).  RBS's challenge to the Protocol is appropriate for mandamus review.

RBS, however, has failed to demonstrate that its right to the writ is clear and indisputable.  RBS's primary argument is that Section 2 of the MDP improperly gives Judge Cote authority to decide issues in the Kansas cases without complying with the local rules and statutory provisions for transferring cases or the process for designating a judge for service in another circuit.  In a related argument, RBS also contends that Section 2 permits the district court in Kansas to abstain from deciding disputes in the cases before it and cede its authority to a court outside of this circuit.

We appreciate the concerns RBS raises in its petition as the procedure adopted by the Protocol in Section 2 is broadly stated.  We also note that Judge Cote initially issued some rulings in Kansas cases that did not contain a signature of a Kansas judge.  In Judge Lungstrum's order denying the motion to modify the Protocol, however, he explained that:

> [T]his Court does not understand or intend the MDP to provide for rulings by Judge Cote that are binding in the Kansas cases.  The MDP expressly requires Judge Cote to consult with a judge from this district on any discovery dispute.  To the extent that an issue affects or applies to a Kansas case, it will be decided by a Kansas judge (after consultation in accordance with the MDP's procedure), and no order will be effective in the Kansas cases unless it is signed by a Kansas judge and filed in this Court.

Add. to Pet. at 13-14.  He further explained that:

> Although the judges of this Court did consult and decide how the issues would be resolved for purposes of the Kansas cases, did authorize Orders to be issued bearing this Court's caption and listing the names of

- 5 -

the judges of this Court, and did cause the resulting orders to be filed in this Court, in a few recent instances the signature of a Kansas judge was inadvertently omitted from the orders. The Court will issue orders *nunc pro tunc* to give those unsigned orders effect in the Kansas cases.

*Id*. at 14 n.1. Judge Lungstrum then entered the *nunc pro tunc* orders that same day. *See*, *e.g*., Pet. App., Vol. 2 at 538-43. Since that time, there have been no orders issued in a Kansas case that have not been signed by a Kansas judge.

Under these circumstances, RBS has not demonstrated that its right to mandamus relief is clear and indisputable. Judge Lungstrum unambiguously stated that he or Judge O'Hara would be deciding any issues that affect or apply to the Kansas cases, and that no order would be effective in a Kansas case unless it is signed by a Kansas judge and filed in that court.

Accordingly, we deny the petition for a writ of mandamus.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

- 6 -