**In re GRAND JURY PROCEEDINGS.**

**COMPANY X,[1] Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 88–1066.

United States Court of Appeals,
Tenth Circuit.

Sept. 16, 1988.

(person served with subpoena may move to quash if unreasonable or oppressive).

Rodney O. Thorson (William J. Guzick and Andrew L. Sandler of Skadden, Arps, Slate, Meagher & Flom, Washington, D.C., and Robert J. Roth and Evan J. Olson of Hershberger, Patterson, Jones & Roth, Wichita, Kan., with him on the briefs), for appellant.

Scott J. Glick (Benjamin L. Burgess, Jr., U.S. Atty., D. Kansas, Guy L. Goodwin and Barbara B. Berman, Criminal Div., U.S.

1. The true identity of the appellant is protected from disclosure by Fed.R.Crim.P. 6(e)(2). The appellant will be referred to as Company X or the Company.

Dept. of Justice, Washington D.C., with him on the brief), for appellee.

Before SEYMOUR and
McWILLIAMS, Circuit Judges, and
BOHANON, Senior District Judge.[2]

McWILLIAMS, Circuit Judge.

Subpoenas duces tecum were served on Company X and Company X's former counsel (hereinafter Law Firm Y) requiring the production of documents by both the Company and Law Firm Y for use by a District of Kansas federal grand jury which was investigating possible violations of federal laws. Law Firm Y filed a motion to quash the subpoena duces tecum served on it, claiming that the request was burdensome. The district court denied the motion, but the matter was continued to allow the Company opportunity to assert any objections it might have to production by Law Firm Y of the subpoenaed documents. The Company did file objections to the production by Law Firm Y of certain of the documents on the grounds that they came within the attorney-client privilege and the work-product doctrine. Further, the Company also filed objections to its being required to produce certain documents from its own files and records, again claiming attorney-client privilege and the work-product doctrine.

The government next filed a motion to compel the production of documents by both the Company and Law Firm Y. In support of that motion, the government submitted, *in camera*, a partial transcript of the grand jury proceedings, as well as affidavits.[3] Based thereon, the district court, after hearing, granted the motion to compel on August 17, 1987, holding that

any possible privilege on the part of either the Company or Law Firm Y was vitiated by the "crime-fraud" exception discussed in *In re Grand Jury Proceedings* (Vargas), 723 F.2d 1461, 1467 (10th Cir.1983). The Company now appeals that order.[4] Law Firm Y, however, has not appealed from that order; it would appear from the record that the present position of Law Firm Y is that it will not run the risk of contempt and will now produce the subpoenaed documents. Hence, the present controversy involves only the government and the Company.

■ The denial of a motion to quash a subpoena is interlocutory in nature and not an appealable order. *United States v. Ryan,* 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed. 2d 85 (1971); *Cobbledick v. United States,* 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940); *In re Grand Jury Proceedings* (Vargas), 723 F.2d 1461 (10th Cir.1983). The same rule of non-appealability would appear to apply to an order granting a motion to compel.[5] In *Vargas,* an attorney was under order of court to appear before a grand jury and at that time produce certain files and records. The appeal by the attorney's client was held by us to be "premature."

■ The Company argues that the present case comes within an exception to the general rule of non-appealability enunciated in *Perlman v. United States,* 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950 (1918). The government apparently agrees, as it does not argue that this court is without jurisdiction to address the merits on appeal. Law Firm Y having now indicated to the district court that it is currently willing to

---

**2.** Honorable Luther L. Bohanon of the United States District Court for the Northern, Eastern and Western Districts of Oklahoma, sitting by designation.

**3.** The Company requested that it be permitted to examine one of the affidavits in order that it might make "meaningful" resistance to the motion to compel. That request was denied on the ground that the affidavit related to the grand jury proceedings.

**4.** The Company's initial appeal of the August 17, 1987, order was dismissed by this court on the

grounds that the notice of appeal was not timely filed. *See In re Grand Jury Proceedings, Company X,* 835 F.2d 237 (10th Cir.1987). Thereafter the Company sought and obtained from the district court an extension of time within which to file the notice of appeal previously filed, and that constitutes the present appeal.

**5.** *See* 9 J. Moore, B. Ward & J. Lucas, Moore's Federal Practice ¶ 110.13[2], at 153 (2d ed. 1987); *In re Sealed Case,* 754 F.2d 395 (D.C.Cir. 1985).

produce the documents requested from it for grand jury use, the Company must have the opportunity for appellate review at this time or the opportunity for appellate review of the district court's order to compel *prior* to actual production of the documents for grand jury use will be lost forever. The fact that Law Firm Y is now willing to produce brings the instant case within the *Perlman* exception. In *Vargas*, this court, in holding that the *Perlman* exception did not apply so as to allow appeal by the client, commented as follows:

Accordingly, we hold that this case is not within that "limited class of cases where denial of immediate review would render impossible any review whatsoever." ... Thus, the appeal by the community health center is premature. Before it can appeal from Judge Campos' order, it must await a contempt citation against its attorney *or be able to prove that the attorney will produce the records rather than risk contempt.*

*Vargas*, 723 F.2d at 1466 (emphasis added) (citation omitted).

██ As indicated, the district court held that any possible privilege that could be claimed by the Company was negated by the "crime-fraud" exception. Specifically, the district court held that the government made a *prima facie* showing that the Company through its employees committed crimes and then used Law Firm Y to cover up and perpetuate those crimes through the commission of a second series of crimes and frauds.[6] The district court correctly applied this exception. The attorney-client privilege does not apply where the client consults an attorney to further a crime or fraud. *Clark v. United States*, 289 U.S. 1, 53 S.Ct. 465, 77 L.Ed. 993 (1933). The district court's finding is, in our view, amply supported by the record before us and brings the present case within our pronouncement in *Vargas*, where, in this connection, we commented as follows:

Petitioner correctly argues that the government must do more than allege that an attorney is a target of a grand jury investigation to vitiate the privilege. Before the privilege is lost "there must be '*prima facie*' evidence that [the allegation of attorney participation in a crime or fraud] has some foundation in fact." *Id.* Petitioner, however, argues that certain procedures must be followed, including an opportunity for the attorney and client to rebut the prima facie evidence and to be present at any hearing which is intended to establish such a prima facie foundation.... Petitioner misconstrues the law in this circuit. As this court held in its opinion *In re September 1975 Grand Jury Term*, 532 F.2d 734 (10th Cir.1976), "[t]he determination of whether the government shows a prima facie foundation in fact for the charge which results in the subpoena lies in the sound discretion of the trial court." *Id.* at 737. In particular, that determination can be made ex-parte and a "preliminary minitrial" is not necessary. *Id.* at 737–38. Furthermore, the prima facie foundation may be made by documentary evidence or good faith statements by the prosecutor as to testimony already received by the grand jury.

*Vargas*, 723 F.2d at 1467.

Appellant Company argues that the district court erred in applying the crime-fraud exception without first determining that the purpose of the subpoenaed communications was to further a crime or fraud. We disagree with Appellant's interpretation of the district court's August 17, 1987, order. There the district court stated:

The threshold inquiry is whether the client consulted the attorney in order to aid in the commission or planning of a crime or tort....

....

... These [crimes] occurr[ed] during the representation by [Law Firm Y] and the documents sought by the subpoenas are related to that activity.

We construe this language of the district court's order as complying with *In re September 1975 Grand Jury Term*, 532 F.2d 734, 737 (10th Cir.1976), which applied the

---

**6.** The trial court properly distinguished between a party who seeks advice from an attorney concerning *past* crime or fraud and a party who consults an attorney to *further* a crime or fraud.

crime-fraud exception where the purpose of the communication was to further crime or an intended fraud.

 The Company's final argument is that the district court erred in failing to undertake at that time an *in camera* review of all the subpoenaed documents. That argument is also answered by *Vargas,* 723 F.2d at 1467, where we spoke as follows:

> Petitioner also alleges that the trial court abused its discretion in not ordering an in camera inspection of the records. However, once the trial judge has concluded that the privilege does not apply because the government has made such a prima facie showing, the trial court need only conduct an in camera inspection of the documents if there is a possibility that some of them may fall outside the scope of the exception to the privilege. After reviewing the scope of the subpoena issued and the nature of the allegations concerning the attorney's involvement, we believe that the scope of the exception to the attorney-client privilege in the case at bar would be sufficiently broad to cover all of the documents requested....

In the instant case, the scope of the subpoenas and the *prima facie* evidence of attorney involvement in the alleged crime and fraud satisfy us that the documents subpoenaed fall within the exception to the attorney-client privilege and need not be individually examined.

JUDGMENT AFFIRMED.