979 F.2d 858
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Roger E. WILLIAMS; Herber Hammon; Beth Peterson; Connell
J. Bateman; Jesse Beagley; Benjamin G. Bistline; James B.
Blackmore; Harold W. Blackmore; Florence Blackmore; Cyril
Bradshaw; Alma J. Burnham; Claude S. Cooke; Donald B.
Cox; Earline Cox; Harvey J. Dockstader; Leah K.
Dockstader; T. David Dockstader; Boyd Dockstader; Marko
J. Dutson; George Hammon; Jacob Legrande Hammon; Earl
Johnson; James M. Pipkin; Cora Fischer Stubbs; David L.
Stubbs; John Timpson; Ray Timpson; Don Timpson; Fayila
Maureen Blackmore Williams; John M. Williams; Charles
Williams; Thomas J. Williams; Joyce Blackmore; Ellen
Boehmer; Carol Anderson, and John and Jane Does 1 Through
1000, Plaintiffs-Appellees,
v.
UNITED EFFORT PLAN, a Utah Trust; Rulon T. Jeffs; Fred M.
Jessop; Leroy S. Jeffs; Parley J. Harker; James K.
Zitting; Winston K. Blackmore; Truman I. Barlow;
individually and as Trustees for the United Effort Plan
Trust, and the Fundamentalist Church of Jesus Christ of
Latter-Day Saints, Defendants-Appellants,
and
CITY OF HILDALE, a municipality; City of Colorado City, a
municipality; Washington County Utah Sheriff, a local
government; Mohave County, a local government; Sam Barlow;
Lewis J. Barlow; E. Jack Knudson; Anna Mae Blackmore;
Twin City Area Improvement Association, an Arizona
corporation, f/k/a Colorado City Area Improvement
Association; Merrill Harker, John and Jane Does, 1 Through
1000, Defendants.
 No. 91-4076.
 United States Court of Appeals, Tenth Circuit.
 Nov. 10, 1992.
 
 Before JOHN P. MOORE and TACHA, Circuit Judges, and SAFFELS,* Senior District Judge.
 ORDER AND JUDGMENT**
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant-appellants appeal the district court's denial of their motion to quash subpoenas issued to a nonparty bank. Defendants argue that disclosure of the information subpoenaed would violate defendants' First Amendment rights. Before we can reach the merits of defendants' claims, we must determine whether we have jurisdiction to hear this appeal.
 
 
 3
 Ordinarily, pretrial discovery orders are not appealable because they do not constitute final orders under 28 U.S.C. § 1291. Graham v. Gray, 827 F.2d 679, 681 (10th Cir.1987); F.T.C. v. Alaska Land Leasing, Inc., 778 F.2d 577, 578 (10th Cir.1985). "The denial of a motion to quash a subpoena is interlocutory in nature and not an appealable order." In Re Grand Jury Proceedings, 857 F.2d 710, 711 (10th Cir.1988), cert. denied, 492 U.S. 905 (1989). There is an exception to the finality rule when the order appealed from is a collateral order. Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). To be appealable under the Cohen exception, an order must (1) conclusively resolve a disputed question; (2) resolve an issue completely separate from the merits of the underlying action; and (3) be effectively unreviewable on appeal from a final judgment in the underlying action. United States v. Dickstein, 971 F.2d 446, 448 (10th Cir.1992). We hold that the order appealed from in this case does not meet the requirements of the Cohen doctrine and, therefore, we lack jurisdiction to hear this appeal.
 
 
 4
 The district court, in denying defendants' motion to quash the subpoenas, found that compliance with the discovery order would not violate defendants' First Amendment rights. Consequently, addressing the merits of defendants' appeal would entail analysis and determination of defendants' constitutional rights relative to the various subpoenaed bank accounts which, in turn, would involve characterization of the accounts and the various entities involved. Characterization and analysis of the various entities and their relationships is also an integral part of the merits of the underlying case. Because the order appealed from did not resolve an issue completely separate from the merits of the underlying action, the order does not fall within the Cohen exception and, therefore, we lack jurisdiction on that basis.
 
 
 5
 Defendants alternatively assert jurisdiction under 28 U.S.C. § 1292(a)[1], claiming that the order entered by the district court grants injunctive relief. Denial of a motion to quash a subpoena is generally not appealable as an injunction under § 1292(a). See United States v. Ryan, 402 U.S. 530, 534 (1971); Westinghouse Elec. Corp. v. Republic of Phil., 951 F.2d 1414, 1422 n. 6 (3d Cir.1991); Corporacion Insular de Seguros v. Garcia, 876 F.2d 254, 256 (1st Cir.1989).
 
 
 6
 The appeal is DISMISSED.
 
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 28 U.S.C. § 1292(a) provides in pertinent part that "the courts of appeals shall have jurisdiction of appeals from:
 ... [i]nterlocutory orders ... granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions...."