**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

In re: GRAND JURY
PROCEEDINGS,

INTERVENOR,

    Appellant,

v.

UNITED STATES of AMERICA,

    Appellee.

No. 97-3389

**ORDER**
Filed August 31, 1998

Before **EBEL**, **HENRY** and **BRISCOE**, Circuit Judges.

Appellant's petition for rehearing is granted. The Court will issue today a revised opinion, and the opinion of July 15, 1998, is withdrawn. For the information of the parties, we note the following two deletions to the opinion filed on July 15, 1998. On page 11, first line on the page, the phrase "and (3) the underlying attorney-client privilege has not been waived" is deleted. Also on page 11, the last sentence in the penultimate paragraph, "Furthermore, it appears that the Hospital has waived its attorney-client privilege with respect to these

documents, and as a result, there is no attorney-client privilege on which Intervenor can base his joint-defense privilege claim" is deleted. Attached to this order is the revised opinion.

The suggestion for rehearing en banc was transmitted to all of the judges of the court who are in regular active service as required by Fed. R. App. P. 35. As no member of the panel and no judge in regular active service on the court requested that the court be polled, the suggestion is denied.

Entered for the Court
PATRICK FISHER, Clerk of Court

By:
Keith Nelson
Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 31 1998**

**PATRICK FISHER**
**Clerk**

<u>PUBLISH</u>

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

In re: GRAND JURY
PROCEEDINGS,

INTERVENOR,

    Appellant,

v.

UNITED STATES of AMERICA,

    Appellee.

No. 97-3389

**Appeal from the United States District Court**
**for the District of Kansas**
**(D.C. No. 97-2589)**

James R. Wyrsch, (Jacqueline A. Cook with him on brief) Wyrsch Hobbs
Mirakian & Lee, P.C., Kansas City, Missouri, for Appellant.

Tanya J. Treadway, Assistant United States Attorney (Jackie N. Williams, United
States Attorney), Kansas City, Kansas, for Appellee.

Before **EBEL**, **HENRY** and **BRISCOE**, Circuit Judges.

**EBEL**, Circuit Judge.

Intervenor-Appellant appeals from the district court's order denying his motion to intervene and quash grand jury subpoenas for certain documents or, in the alternative, for protective orders. We affirm.

## BACKGROUND

This case stems from the same grand jury proceeding at issue in In re Grand Jury Subpoenas (Jane Roe & John Doe), ___ F.3d ___, 1998 WL 247705 (10th Cir. May 15, 1998). Intervenor, along with others, is a target of an ongoing federal grand jury investigation. The Hospital, which employed Intervenor as President and Chief Executive Officer during the relevant time periods, agreed to produce certain documents in response to the grand jury's subpoenas. Intervenor moved to intervene and quash the subpoenas or, in the alternative, for protective orders on the grounds of attorney-client privilege and the work product doctrine. In a December 15, 1997, Order, the district court denied Intervenor's motion to intervene and ordered production of the documents. Intervenor filed a timely notice of appeal as well as motions to stay the district court's order. The court below and this court, however, denied Intervenor's stay motions, and Hospital produced the disputed documents on January 21, 1998. At oral argument, the government indicated that at least some of these documents already have been provided to the grand jury.

**DISCUSSION**

In In re Grand Jury Subpoenas (Jane Roe & John Doe), this court affirmed a district court order compelling the testimony of two of Intervenor's attorneys. See In re Grand Jury Subpoenas (Jane Roe & John Doe), 1998 WL 247705, at *10. In this case, on the other hand, Intervenor wishes to bar the production of certain documents that he claims are covered by the attorney-client privilege and work product doctrines.

Before addressing the merits, we must first confirm the parties' assertion of jurisdiction. The denial of a motion to quash a grand jury subpoena generally is interlocutory and not immediately appealable. See In re Grand Jury Subpoenas Dated December 7 & 8, Issued to Bob Stover, Chief of Albuquerque Police Dep't, 40 F.3d 1096, 1099 (10th Cir. 1994). Nevertheless, we may entertain appellate jurisdiction in such a case if the appeal falls within the special rule for interlocutory appeals in Perlman v. United States, 247 U.S. 7, 13 (1918). See In re Grand Jury Proceedings (Company X), 857 F.2d 710, 711 (10th Cir. 1988). As this court explained in In re Grand Jury Proceedings (Company X), the Perlman exception is available only when the party subject to the subpoena indicates that he or she will comply with the court order upon a final adjudication of its validity and an interlocutory appeal is sought by an intervenor who claims a justiciable interest in preventing the disclosure of such documents. See id. at 711; see also

In re Grand Jury Subpoenas (Jane Roe & John Doe), 1998 WL 247705, at \*2 (applying Perlman doctrine in case where attorneys indicated that they would ultimately comply if the grand jury subpoena were upheld). In this case, because the disputed documents already have been turned over to the government, it is clear that a final decision affirming the district court's order would mean that no other action would be needed to ensure compliance with the grand jury subpoena, i.e., the documents would continue to be available to the government and the grand jury. Thus, although this case is somewhat different from the traditional Perlman context, we find that we have jurisdiction to hear this appeal. See Perlman, 247 U.S. at 13.

Though we may properly review this interlocutory appeal under Perlman, the fact that at least some of the disputed documents already have been reviewed by the grand jury raises a question of mootness. A case can become moot during the pendency of an appeal when an event occurs that "makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party." See Church of Scientology v. United States, 506 U.S. 9, 12 (1992) (quoting Mills v. Green, 159 U.S. 651, 653 (1895)). In this case, we conclude that despite the proverbial cat's escape from its bag, Intervenor's appeal is not moot because, in the event of a successful decision on the merits, Intervenor still might obtain some modicum of meaningful relief, e.g., an order requiring the return of the documents and the

- 4 -

destruction of any copies held by the government. See id. at 12-13 (holding appeal of order requiring production of tape-recorded conversations was not moot despite fact that tapes had been provided to the government); In re Grand Jury Subpoenas Dated December 7 & 8, 40 F.3d at 1099-1100 (holding appeal of subpoena for police department internal affairs reports was not moot despite fact that reports had been provided to the grand jury).

Turning now to the merits of Intervenor's argument, we note that in In re Grand Jury Subpoenas (Jane Roe & John Doe) this court adopted the following five-part test developed by the Second and Third Circuits in In re Bevill, Bresler & Schulman Asset Mgmt. Corp., 805 F.2d 120, 123 (3d Cir. 1986), and United States v. International Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers, 119 F.3d 210, 215 (2d Cir. 1997), "to determine whether an officer may assert a personal privilege with respect to conversations with corporate counsel despite the fact that the privilege generally belongs to the corporation":

> First, they must show they approached [counsel] for the purpose of seeking legal advice. Second, they must demonstrate that when they approached [counsel] they made it clear that they were seeking legal advice in their individual rather than in their representative capacities. Third, they must demonstrate that the [counsel] saw fit to communicate with them in their individual capacities, knowing that a possible conflict could arise. Fourth, they must prove that their conversations with [counsel] were confidential. And, fifth, they must show that the substance of their conversations with [counsel] did not concern matters within the company or the general affairs of the company.

In re Grand Jury Subpoenas (Jane Roe & John Doe), 1998 WL 247705, at *4 (citations and quotations omitted).

Relying on this five-part test from In re Bevill, the district court found that Intervenor could not establish the existence of a personal attorney-client privilege because all of the documents at issue only pertained to "his acts as a corporate officer" of the Hospital, and thus, they did not satisfy the fifth prong of the test. See In re Bevill, 805 F.2d at 123. In addition, the district court held that most of the documents could not satisfy the fourth prong of In re Bevill because other corporate officers or other third parties also received copies, and thus confidentiality was not preserved between Intervenor and the corporate attorneys. See id.

We conclude that the district court erred in finding that Intervenor, as a matter of law, could not establish the existence of a personal attorney-client relationship under the fifth prong of In re Bevill simply because the subject matter of the documents related to corporate activities. The fifth prong of In re Bevill, properly interpreted, only precludes an officer from asserting an individual attorney client privilege when the communication concerns the corporation's rights and responsibilities. However, if the communication between a corporate officer and corporate counsel specifically focuses upon the individual officer's personal rights and liabilities, then the fifth prong of In re Bevill can be satisfied

even though the general subject matter of the conversation pertains to matters within the general affairs of the company. For example, a corporate officer's discussion with his corporation's counsel may still be protected by a personal, individual attorney-client privilege when the conversation specifically concerns the officer's personal liability for jail time based on conduct interrelated with corporate affairs. Such a conversation would satisfy the fifth prong of <u>In re Bevill</u> test because the officer's potential prison sentence is outside the scope of the corporation's concerns and affairs.

In <u>In re Grand Jury Subpoenas (Jane Roe & John Doe)</u>, this court found that a limited attorney-client privilege existed between Intervenor and corporate counsel, but only as to "that very small portion of communications in which Intervenor sought legal advice as to his personal liability without regard to any corporate considerations" and did not "extend to communications made while third parties were present nor does it extend to communications in which both corporate and individual liability were discussed." <u>In re Grand Jury Subpoenas (Jane Roe & John Doe)</u>, 1998 WL 247705, at *4. Thus, there this court reaffirmed the traditional rule that a corporate officer, in certain circumstances, could show the existence of a personal attorney-client privilege for communications with corporate counsel, even if the subject matter of the communications involved corporate affairs. <u>See, e.g.</u>, <u>Wylie v. Marley Co.</u>, 891

- 7 -

F.2d 1463, 1471-72 (10th Cir. 1989) (privilege covered officer's communications with corporate counsel regarding personal rights under corporate employment agreement).

Nevertheless, such an attorney-client privilege can exist only when the officer discusses his or her <u>personal</u> liability, legal rights, or actions, as distinguished from the corporation's rights and responsibilities. In such circumstances, the officer might have a legitimate expectation of a confidential attorney-client relationship and might be able to shield those communications under the attorney-client privilege (assuming the first four prongs of <u>In re Bevill</u> are satisfied). As a result, Intervenor is not barred as a matter of law from showing that a personal attorney-client relationship may have existed simply because the documents in question touched on the subject matter of corporate actions.

However, whether or not Intervenor might have been able to show the existence of a personal attorney-client relationship with corporate counsel, he still had the burden in this case of showing that the privilege actually applies to <u>the documents at issue</u>. See <u>Motley v. Marathon Oil Co.</u>, 71 F.3d 1547, 1550 (10th Cir. 1995), <u>cert. denied</u>, 517 U.S. 1190 (1996). In this respect he falters for several reasons. First, the appellant has not produced for our review the particular documents at issue nor has he otherwise adequately demonstrated in the

record that any of the documents ordered produced were limited to the topic of his

individual legal rights and responsibilities.  (In fact, the limited descriptions of

the documents provided to us by the appellant seems to negate such an inference.)

Thus, as to the particular documents at issue, Intervenor has failed to establish

that the documents satisfy the fifth prong of In re Bevill.

In addition, Intervenor has failed to establish that the documents satisfy the

fourth prong of In re Bevill, dealing with confidentiality.  The district court

found:

> [T]he majority of documents are corporate letters or memoranda sent to
> third parties in addition to, or instead of, [Intervenor].  With respect to
> these documents . . . [Intervenor] has failed to demonstrate . . . that the
> subject matter was confidential.  A number of other corporate documents
> are letters sent between third parties, where [Intervenor] is not even copied
> on the document.  Further, [Intervenor] has not attempted to explain how he
> can claim a personal attorney-client privilege as to other documents, which
> do not reflect either [of his attorneys] as a part to the document.[1]

Nowhere on appeal does Intervenor identify specific documents to demonstrate

that the district court clearly erred in these factual determinations.  Because

Intervenor did not meet his burden of showing that the documents at issue were

confidential communications between him and the corporate attorneys acting in

---

[1]As this court noted in In re Grand Jury Subpoenas (Jane Roe & John Doe),
1998 WL 247705, at *3, "We review the factual findings underlying the court's
attorney-client privilege ruling for clear error and purely legal questions de
novo."

their capacity as his personal lawyer, we affirm the district court's ruling that Intervenor was not able to demonstrate the existence of a personal attorney-client privilege with respect to the documents at issue.

Finally, the district court held that Intervenor "failed to meet his burden of demonstrating that each of the documents to which he is claiming work product protection was in fact prepared in anticipation of litigation. The documents appear to be prepared in the regular course of business." The work product privilege only extends to documents prepared by an attorney for the client in anticipation of litigation. See In re Grand Jury Proceedings (Vargas), 727 F.2d 941, 945 (10th Cir. 1984). The party asserting work product privilege has the burden of showing the applicability of the doctrine. See Barclaysamerican Corp. v. Kane, 746 F.2d 653, 656 (10th Cir. 1984). Intervenor has not established that the district court clearly erred in finding that the documents were not prepared in anticipation of litigation.

For much the same reasons, we reject Intervenor's arguments concerning a joint-defense privilege. Intervenor contends that his interest in protecting the confidentiality of the documents at issue here is protected by the attorney-client privilege between the Hospital and its lawyers because he had a "joint-defense" relationship with the Hospital. However, to establish a joint-defense privilege, the Intervenor was required to demonstrate (1) the documents were made in the

course of a joint-defense effort; and (2) the documents were designed to further that effort.  See United States v. Bay State Ambulance & Hosp. Rental Serv., Inc., 874 F.2d 20, 28 (1st Cir. 1989); see also United States v. Evans, 113 F.3d 1457, 1467 (7th Cir. 1997) (quoting United States v. Schwimmer, 892 F.2d 237, 243-44 (2d Cir. 1989) (noting that the "joint-defense privilege" is more properly labeled a "common interest rule")).  As the district court correctly found, Intervenor has failed to meet the elements of a joint-defense privilege because he has failed to produce any evidence, express or implied, of a joint-defense agreement with the Hospital, and he has failed to show how the documents at issue here furthered the putative joint-defense strategy.

Because of our rulings on the issues above, we need not address, and do not address, the other issues raised by Intervenor.

## CONCLUSION

For these reasons, we AFFIRM the district court's order.

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

In re: GRAND JURY
PROCEEDINGS,

INTERVENOR,

    Appellant,

v.

UNITED STATES of AMERICA,

    Appellee.

No. 97-3389

## ORDER
Filed August 31, 1998

Before **EBEL**, **HENRY** and **BRISCOE**, Circuit Judges.

Appellant's petition for rehearing is granted. The Court will issue today a revised opinion, and the opinion of July 15, 1998, is withdrawn. For the information of the parties, we note the following two deletions to the opinion filed on July 15, 1998. On page 11, first line on the page, the phrase "and (3) the underlying attorney-client privilege has not been waived" is deleted. Also on page 11, the last sentence in the penultimate paragraph, "Furthermore, it appears that the Hospital has waived its attorney-client privilege with respect to these

documents, and as a result, there is no attorney-client privilege on which Intervenor can base his joint-defense privilege claim" is deleted. Attached to this order is the revised opinion.

The suggestion for rehearing en banc was transmitted to all of the judges of the court who are in regular active service as required by Fed. R. App. P. 35. As no member of the panel and no judge in regular active service on the court requested that the court be polled, the suggestion is denied.

Entered for the Court
PATRICK FISHER, Clerk of Court

By:
Keith Nelson
Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 31 1998**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

In re: GRAND JURY
PROCEEDINGS,

INTERVENOR,

    Appellant,

v.

UNITED STATES of AMERICA,

    Appellee.

No. 97-3389

---

**Appeal from the United States District Court**
**for the District of Kansas**
**(D.C. No. 97-2589)**

---

James R. Wyrsch, (Jacqueline A. Cook with him on brief) Wyrsch Hobbs
Mirakian & Lee, P.C., Kansas City, Missouri, for Appellant.

Tanya J. Treadway, Assistant United States Attorney (Jackie N. Williams, United
States Attorney), Kansas City, Kansas, for Appellee.

---

Before **EBEL**, **HENRY** and **BRISCOE**, Circuit Judges.

---

**EBEL**, Circuit Judge.

---

Intervenor-Appellant appeals from the district court's order denying his motion to intervene and quash grand jury subpoenas for certain documents or, in the alternative, for protective orders. We affirm.

## BACKGROUND

This case stems from the same grand jury proceeding at issue in <u>In re Grand Jury Subpoenas (Jane Roe & John Doe)</u>, ___ F.3d ___, 1998 WL 247705 (10th Cir. May 15, 1998). Intervenor, along with others, is a target of an ongoing federal grand jury investigation. The Hospital, which employed Intervenor as President and Chief Executive Officer during the relevant time periods, agreed to produce certain documents in response to the grand jury's subpoenas. Intervenor moved to intervene and quash the subpoenas or, in the alternative, for protective orders on the grounds of attorney-client privilege and the work product doctrine. In a December 15, 1997, Order, the district court denied Intervenor's motion to intervene and ordered production of the documents. Intervenor filed a timely notice of appeal as well as motions to stay the district court's order. The court below and this court, however, denied Intervenor's stay motions, and Hospital produced the disputed documents on January 21, 1998. At oral argument, the government indicated that at least some of these documents already have been provided to the grand jury.

**DISCUSSION**

In In re Grand Jury Subpoenas (Jane Roe & John Doe), this court affirmed a district court order compelling the testimony of two of Intervenor's attorneys. See In re Grand Jury Subpoenas (Jane Roe & John Doe), 1998 WL 247705, at *10. In this case, on the other hand, Intervenor wishes to bar the production of certain documents that he claims are covered by the attorney-client privilege and work product doctrines.

Before addressing the merits, we must first confirm the parties' assertion of jurisdiction. The denial of a motion to quash a grand jury subpoena generally is interlocutory and not immediately appealable. See In re Grand Jury Subpoenas Dated December 7 & 8, Issued to Bob Stover, Chief of Albuquerque Police Dep't, 40 F.3d 1096, 1099 (10th Cir. 1994). Nevertheless, we may entertain appellate jurisdiction in such a case if the appeal falls within the special rule for interlocutory appeals in Perlman v. United States, 247 U.S. 7, 13 (1918). See In re Grand Jury Proceedings (Company X), 857 F.2d 710, 711 (10th Cir. 1988). As this court explained in In re Grand Jury Proceedings (Company X), the Perlman exception is available only when the party subject to the subpoena indicates that he or she will comply with the court order upon a final adjudication of its validity and an interlocutory appeal is sought by an intervenor who claims a justiciable interest in preventing the disclosure of such documents. See id. at 711; see also

In re Grand Jury Subpoenas (Jane Roe & John Doe), 1998 WL 247705, at *2 (applying Perlman doctrine in case where attorneys indicated that they would ultimately comply if the grand jury subpoena were upheld).  In this case, because the disputed documents already have been turned over to the government, it is clear that a final decision affirming the district court's order would mean that no other action would be needed to ensure compliance with the grand jury subpoena, i.e., the documents would continue to be available to the government and the grand jury.  Thus, although this case is somewhat different from the traditional Perlman context, we find that we have jurisdiction to hear this appeal.  See Perlman, 247 U.S. at 13.

Though we may properly review this interlocutory appeal under Perlman, the fact that at least some of the disputed documents already have been reviewed by the grand jury raises a question of mootness.  A case can become moot during the pendency of an appeal when an event occurs that "makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party."  See Church of Scientology v. United States, 506 U.S. 9, 12 (1992) (quoting Mills v. Green, 159 U.S. 651, 653 (1895)).  In this case, we conclude that despite the proverbial cat's escape from its bag, Intervenor's appeal is not moot because, in the event of a successful decision on the merits, Intervenor still might obtain some modicum of meaningful relief, e.g., an order requiring the return of the documents and the

- 4 -

destruction of any copies held by the government.  See id. at 12-13 (holding appeal of order requiring production of tape-recorded conversations was not moot despite fact that tapes had been provided to the government); In re Grand Jury Subpoenas Dated December 7 & 8, 40 F.3d at 1099-1100 (holding appeal of subpoena for police department internal affairs reports was not moot despite fact that reports had been provided to the grand jury).

Turning now to the merits of Intervenor's argument, we note that in In re Grand Jury Subpoenas (Jane Roe & John Doe) this court adopted the following five-part test developed by the Second and Third Circuits in In re Bevill, Bresler & Schulman Asset Mgmt. Corp., 805 F.2d 120, 123 (3d Cir. 1986), and United States v. International Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers, 119 F.3d 210, 215 (2d Cir. 1997), "to determine whether an officer may assert a personal privilege with respect to conversations with corporate counsel despite the fact that the privilege generally belongs to the corporation":

> First, they must show they approached [counsel] for the purpose of seeking legal advice.  Second, they must demonstrate that when they approached [counsel] they made it clear that they were seeking legal advice in their individual rather than in their representative capacities.  Third, they must demonstrate that the [counsel] saw fit to communicate with them in their individual capacities, knowing that a possible conflict could arise.  Fourth, they must prove that their conversations with [counsel] were confidential.  And, fifth, they must show that the substance of their conversations with [counsel] did not concern matters within the company or the general affairs of the company.

In re Grand Jury Subpoenas (Jane Roe & John Doe), 1998 WL 247705, at *4 (citations and quotations omitted).

Relying on this five-part test from In re Bevill, the district court found that Intervenor could not establish the existence of a personal attorney-client privilege because all of the documents at issue only pertained to "his acts as a corporate officer" of the Hospital, and thus, they did not satisfy the fifth prong of the test. See In re Bevill, 805 F.2d at 123. In addition, the district court held that most of the documents could not satisfy the fourth prong of In re Bevill because other corporate officers or other third parties also received copies, and thus confidentiality was not preserved between Intervenor and the corporate attorneys. See id.

We conclude that the district court erred in finding that Intervenor, as a matter of law, could not establish the existence of a personal attorney-client relationship under the fifth prong of In re Bevill simply because the subject matter of the documents related to corporate activities. The fifth prong of In re Bevill, properly interpreted, only precludes an officer from asserting an individual attorney client privilege when the communication concerns the corporation's rights and responsibilities. However, if the communication between a corporate officer and corporate counsel specifically focuses upon the individual officer's personal rights and liabilities, then the fifth prong of In re Bevill can be satisfied

even though the general subject matter of the conversation pertains to matters within the general affairs of the company. For example, a corporate officer's discussion with his corporation's counsel may still be protected by a personal, individual attorney-client privilege when the conversation specifically concerns the officer's personal liability for jail time based on conduct interrelated with corporate affairs. Such a conversation would satisfy the fifth prong of In re Bevill test because the officer's potential prison sentence is outside the scope of the corporation's concerns and affairs.

In In re Grand Jury Subpoenas (Jane Roe & John Doe), this court found that a limited attorney-client privilege existed between Intervenor and corporate counsel, but only as to "that very small portion of communications in which Intervenor sought legal advice as to his personal liability without regard to any corporate considerations" and did not "extend to communications made while third parties were present nor does it extend to communications in which both corporate and individual liability were discussed." In re Grand Jury Subpoenas (Jane Roe & John Doe), 1998 WL 247705, at *4. Thus, there this court reaffirmed the traditional rule that a corporate officer, in certain circumstances, could show the existence of a personal attorney-client privilege for communications with corporate counsel, even if the subject matter of the communications involved corporate affairs. See, e.g., Wylie v. Marley Co., 891

F.2d 1463, 1471-72 (10th Cir. 1989) (privilege covered officer's communications with corporate counsel regarding personal rights under corporate employment agreement).

Nevertheless, such an attorney-client privilege can exist only when the officer discusses his or her personal liability, legal rights, or actions, as distinguished from the corporation's rights and responsibilities. In such circumstances, the officer might have a legitimate expectation of a confidential attorney-client relationship and might be able to shield those communications under the attorney-client privilege (assuming the first four prongs of In re Bevill are satisfied). As a result, Intervenor is not barred as a matter of law from showing that a personal attorney-client relationship may have existed simply because the documents in question touched on the subject matter of corporate actions.

However, whether or not Intervenor might have been able to show the existence of a personal attorney-client relationship with corporate counsel, he still had the burden in this case of showing that the privilege actually applies to the documents at issue. See Motley v. Marathon Oil Co., 71 F.3d 1547, 1550 (10th Cir. 1995), cert. denied, 517 U.S. 1190 (1996). In this respect he falters for several reasons. First, the appellant has not produced for our review the particular documents at issue nor has he otherwise adequately demonstrated in the

record that any of the documents ordered produced were limited to the topic of his

individual legal rights and responsibilities. (In fact, the limited descriptions of

the documents provided to us by the appellant seems to negate such an inference.)

Thus, as to the particular documents at issue, Intervenor has failed to establish

that the documents satisfy the fifth prong of In re Bevill.

In addition, Intervenor has failed to establish that the documents satisfy the

fourth prong of In re Bevill, dealing with confidentiality. The district court

found:

> [T]he majority of documents are corporate letters or memoranda sent to
> third parties in addition to, or instead of, [Intervenor]. With respect to
> these documents . . . [Intervenor] has failed to demonstrate . . . that the
> subject matter was confidential. A number of other corporate documents
> are letters sent between third parties, where [Intervenor] is not even copied
> on the document. Further, [Intervenor] has not attempted to explain how he
> can claim a personal attorney-client privilege as to other documents, which
> do not reflect either [of his attorneys] as a part to the document.[1]

Nowhere on appeal does Intervenor identify specific documents to demonstrate

that the district court clearly erred in these factual determinations. Because

Intervenor did not meet his burden of showing that the documents at issue were

confidential communications between him and the corporate attorneys acting in

---

[1]As this court noted in In re Grand Jury Subpoenas (Jane Roe & John Doe),
1998 WL 247705, at *3, "We review the factual findings underlying the court's
attorney-client privilege ruling for clear error and purely legal questions de
novo."

their capacity as his personal lawyer, we affirm the district court's ruling that Intervenor was not able to demonstrate the existence of a personal attorney-client privilege with respect to the documents at issue.

Finally, the district court held that Intervenor "failed to meet his burden of demonstrating that each of the documents to which he is claiming work product protection was in fact prepared in anticipation of litigation. The documents appear to be prepared in the regular course of business." The work product privilege only extends to documents prepared by an attorney for the client in anticipation of litigation. See In re Grand Jury Proceedings (Vargas), 727 F.2d 941, 945 (10th Cir. 1984). The party asserting work product privilege has the burden of showing the applicability of the doctrine. See Barclaysamerican Corp. v. Kane, 746 F.2d 653, 656 (10th Cir. 1984). Intervenor has not established that the district court clearly erred in finding that the documents were not prepared in anticipation of litigation.

For much the same reasons, we reject Intervenor's arguments concerning a joint-defense privilege. Intervenor contends that his interest in protecting the confidentiality of the documents at issue here is protected by the attorney-client privilege between the Hospital and its lawyers because he had a "joint-defense" relationship with the Hospital. However, to establish a joint-defense privilege, the Intervenor was required to demonstrate (1) the documents were made in the

- 10 -

course of a joint-defense effort; and (2) the documents were designed to further that effort.  See United States v. Bay State Ambulance & Hosp. Rental Serv., Inc., 874 F.2d 20, 28 (1st Cir. 1989); see also United States v. Evans, 113 F.3d 1457, 1467 (7th Cir. 1997) (quoting United States v. Schwimmer, 892 F.2d 237, 243-44 (2d Cir. 1989) (noting that the "joint-defense privilege" is more properly labeled a "common interest rule")).  As the district court correctly found, Intervenor has failed to meet the elements of a joint-defense privilege because he has failed to produce any evidence, express or implied, of a joint-defense agreement with the Hospital, and he has failed to show how the documents at issue here furthered the putative joint-defense strategy.

Because of our rulings on the issues above, we need not address, and do not address, the other issues raised by Intervenor.

## CONCLUSION

For these reasons, we AFFIRM the district court's order.

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 15 1998**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

In re: GRAND JURY
PROCEEDINGS,

INTERVENOR,

      Appellant,

v.

UNITED STATES of AMERICA,

      Appellee.

No. 97-3389

**Appeal from the United States District Court**
**for the District of Kansas**
**(D.C. No. 97-2589)**

James R. Wyrsch, (Jacqueline A. Cook with him on brief) Wyrsch Hobbs
Mirakian & Lee, P.C., Kansas City, Missouri, for Appellant.

Tanya J. Treadway, Assistant United States Attorney (Jackie N. Williams, United
States Attorney), Kansas City, Kansas, for Appellee.

Before **EBEL**, **HENRY** and **BRISCOE**, Circuit Judges.

**EBEL**, Circuit Judge.

Intervenor-Appellant appeals from the district court's order denying his motion to intervene and quash grand jury subpoenas for certain documents or, in the alternative, for protective orders. We affirm.

## BACKGROUND

This case stems from the same grand jury proceeding at issue in <u>In re Grand Jury Subpoenas (Jane Roe & John Doe)</u>, ___ F.3d ___, 1998 WL 247705 (10th Cir. May 15, 1998). Intervenor, along with others, is a target of an ongoing federal grand jury investigation. The Hospital, which employed Intervenor as President and Chief Executive Officer during the relevant time periods, agreed to produce certain documents in response to the grand jury's subpoenas. Intervenor moved to intervene and quash the subpoenas or, in the alternative, for protective orders on the grounds of attorney-client privilege and the work product doctrine. In a December 15, 1997, Order, the district court denied Intervenor's motion to intervene and ordered production of the documents. Intervenor filed a timely notice of appeal as well as motions to stay the district court's order. The court below and this court, however, denied Intervenor's stay motions, and Hospital produced the disputed documents on January 21, 1998. At oral argument, the government indicated that at least some of these documents already have been provided to the grand jury.

- 2 -

**DISCUSSION**

In In re Grand Jury Subpoenas (Jane Roe & John Doe), this court affirmed a district court order compelling the testimony of two of Intervenor's attorneys. See In re Grand Jury Subpoenas (Jane Roe & John Doe), 1998 WL 247705, at *10. In this case, on the other hand, Intervenor wishes to bar the production of certain documents that he claims are covered by the attorney-client privilege and work product doctrines.

Before addressing the merits, we must first confirm the parties' assertion of jurisdiction. The denial of a motion to quash a grand jury subpoena generally is interlocutory and not immediately appealable. See In re Grand Jury Subpoenas Dated December 7 & 8, Issued to Bob Stover, Chief of Albuquerque Police Dep't, 40 F.3d 1096, 1099 (10th Cir. 1994). Nevertheless, we may entertain appellate jurisdiction in such a case if the appeal falls within the special rule for interlocutory appeals in Perlman v. United States, 247 U.S. 7, 13 (1918). See In re Grand Jury Proceedings (Company X), 857 F.2d 710, 711 (10th Cir. 1988). As this court explained in In re Grand Jury Proceedings (Company X), the Perlman exception is available only when the party subject to the subpoena indicates that he or she will comply with the court order upon a final adjudication of its validity and an interlocutory appeal is sought by an intervenor who claims a justiciable interest in preventing the disclosure of such documents. See id. at 711; see also

In re Grand Jury Subpoenas (Jane Roe & John Doe), 1998 WL 247705, at *2 (applying Perlman doctrine in case where attorneys indicated that they would ultimately comply if the grand jury subpoena were upheld).  In this case, because the disputed documents already have been turned over to the government, it is clear that a final decision affirming the district court's order would mean that no other action would be needed to ensure compliance with the grand jury subpoena, i.e., the documents would continue to be available to the government and the grand jury.  Thus, although this case is somewhat different from the traditional Perlman context, we find that we have jurisdiction to hear this appeal.  See Perlman, 247 U.S. at 13.

Though we may properly review this interlocutory appeal under Perlman, the fact that at least some of the disputed documents already have been reviewed by the grand jury raises a question of mootness.  A case can become moot during the pendency of an appeal when an event occurs that "makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party."  See Church of Scientology v. United States, 506 U.S. 9, 12 (1992) (quoting Mills v. Green, 159 U.S. 651, 653 (1895)).  In this case, we conclude that despite the proverbial cat's escape from its bag, Intervenor's appeal is not moot because, in the event of a successful decision on the merits, Intervenor still might obtain some modicum of meaningful relief, e.g., an order requiring the return of the documents and the

- 4 -

destruction of any copies held by the government.  See id. at 12-13 (holding appeal of order requiring production of tape-recorded conversations was not moot despite fact that tapes had been provided to the government); In re Grand Jury Subpoenas Dated December 7 & 8, 40 F.3d at 1099-1100 (holding appeal of subpoena for police department internal affairs reports was not moot despite fact that reports had been provided to the grand jury).

Turning now to the merits of Intervenor's argument, we note that in In re Grand Jury Subpoenas (Jane Roe & John Doe) this court adopted the following five-part test developed by the Second and Third Circuits in In re Bevill, Bresler & Schulman Asset Mgmt. Corp., 805 F.2d 120, 123 (3d Cir. 1986), and United States v. International Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers, 119 F.3d 210, 215 (2d Cir. 1997), "to determine whether an officer may assert a personal privilege with respect to conversations with corporate counsel despite the fact that the privilege generally belongs to the corporation":

> First, they must show they approached [counsel] for the purpose of seeking legal advice.  Second, they must demonstrate that when they approached [counsel] they made it clear that they were seeking legal advice in their individual rather than in their representative capacities.  Third, they must demonstrate that the [counsel] saw fit to communicate with them in their individual capacities, knowing that a possible conflict could arise.  Fourth, they must prove that their conversations with [counsel] were confidential.  And, fifth, they must show that the substance of their conversations with [counsel] did not concern matters within the company or the general affairs of the company.

In re Grand Jury Subpoenas (Jane Roe & John Doe), 1998 WL 247705, at *4 (citations and quotations omitted).

Relying on this five-part test from In re Bevill, the district court found that Intervenor could not establish the existence of a personal attorney-client privilege because all of the documents at issue only pertained to "his acts as a corporate officer" of the Hospital, and thus, they did not satisfy the fifth prong of the test. See In re Bevill, 805 F.2d at 123. In addition, the district court held that most of the documents could not satisfy the fourth prong of In re Bevill because other corporate officers or other third parties also received copies, and thus confidentiality was not preserved between Intervenor and the corporate attorneys. See id.

We conclude that the district court erred in finding that Intervenor, as a matter of law, could not establish the existence of a personal attorney-client relationship under the fifth prong of In re Bevill simply because the subject matter of the documents related to corporate activities. The fifth prong of In re Bevill, properly interpreted, only precludes an officer from asserting an individual attorney client privilege when the communication concerns the corporation's rights and responsibilities. However, if the communication between a corporate officer and corporate counsel specifically focuses upon the individual officer's personal rights and liabilities, then the fifth prong of In re Bevill can be satisfied

even though the general subject matter of the conversation pertains to matters within the general affairs of the company. For example, a corporate officer's discussion with his corporation's counsel may still be protected by a personal, individual attorney-client privilege when the conversation specifically concerns the officer's personal liability for jail time based on conduct interrelated with corporate affairs. Such a conversation would satisfy the fifth prong of In re Bevill test because the officer's potential prison sentence is outside the scope of the corporation's concerns and affairs.

In In re Grand Jury Subpoenas (Jane Roe & John Doe), this court found that a limited attorney-client privilege existed between Intervenor and corporate counsel, but only as to "that very small portion of communications in which Intervenor sought legal advice as to his personal liability without regard to any corporate considerations" and did not "extend to communications made while third parties were present nor does it extend to communications in which both corporate and individual liability were discussed." In re Grand Jury Subpoenas (Jane Roe & John Doe), 1998 WL 247705, at *4. Thus, there this court reaffirmed the traditional rule that a corporate officer, in certain circumstances, could show the existence of a personal attorney-client privilege for communications with corporate counsel, even if the subject matter of the communications involved corporate affairs. See, e.g., Wylie v. Marley Co., 891

- 7 -

F.2d 1463, 1471-72 (10th Cir. 1989) (privilege covered officer's communications with corporate counsel regarding personal rights under corporate employment agreement).

Nevertheless, such an attorney-client privilege can exist only when the officer discusses his or her <u>personal</u> liability, legal rights, or actions, as distinguished from the corporation's rights and responsibilities. In such circumstances, the officer might have a legitimate expectation of a confidential attorney-client relationship and might be able to shield those communications under the attorney-client privilege (assuming the first four prongs of <u>In re Bevill</u> are satisfied). As a result, Intervenor is not barred as a matter of law from showing that a personal attorney-client relationship may have existed simply because the documents in question touched on the subject matter of corporate actions.

However, whether or not Intervenor might have been able to show the existence of a personal attorney-client relationship with corporate counsel, he still had the burden in this case of showing that the privilege actually applies to <u>the documents at issue</u>. See <u>Motley v. Marathon Oil Co.</u>, 71 F.3d 1547, 1550 (10th Cir. 1995), <u>cert. denied</u>, 517 U.S. 1190 (1996). In this respect he falters for several reasons. First, the appellant has not produced for our review the particular documents at issue nor has he otherwise adequately demonstrated in the

record that any of the documents ordered produced were limited to the topic of his individual legal rights and responsibilities. (In fact, the limited descriptions of the documents provided to us by the appellant seems to negate such an inference.) Thus, as to the particular documents at issue, Intervenor has failed to establish that the documents satisfy the fifth prong of In re Bevill.

In addition, Intervenor has failed to establish that the documents satisfy the fourth prong of In re Bevill, dealing with confidentiality. The district court found:

> [T]he majority of documents are corporate letters or memoranda sent to third parties in addition to, or instead of, [Intervenor]. With respect to these documents . . . [Intervenor] has failed to demonstrate . . . that the subject matter was confidential. A number of other corporate documents are letters sent between third parties, where [Intervenor] is not even copied on the document. Further, [Intervenor] has not attempted to explain how he can claim a personal attorney-client privilege as to other documents, which do not reflect either [of his attorneys] as a part to the document.[1]

Nowhere on appeal does Intervenor identify specific documents to demonstrate that the district court clearly erred in these factual determinations. Because Intervenor did not meet his burden of showing that the documents at issue were confidential communications between him and the corporate attorneys acting in their capacity as his personal lawyer, we affirm the district court's ruling that

---

[1]As this court noted in In re Grand Jury Subpoenas (Jane Roe & John Doe), 1998 WL 247705, at *3, "We review the factual findings underlying the court's attorney-client privilege ruling for clear error and purely legal questions de novo."

Intervenor was not able to demonstrate the existence of a personal attorney-client privilege with respect to the documents at issue.

Finally, the district court held that Intervenor "failed to meet his burden of demonstrating that each of the documents to which he is claiming work product protection was in fact prepared in anticipation of litigation. The documents appear to be prepared in the regular course of business." The work product privilege only extends to documents prepared by an attorney for the client in anticipation of litigation. See In re Grand Jury Proceedings (Vargas), 727 F.2d 941, 945 (10th Cir. 1984). The party asserting work product privilege has the burden of showing the applicability of the doctrine. See Barclaysamerican Corp. v. Kane, 746 F.2d 653, 656 (10th Cir. 1984). Intervenor has not established that the district court clearly erred in finding that the documents were not prepared in anticipation of litigation.

For much the same reasons, we reject Intervenor's arguments concerning a joint-defense privilege. Intervenor contends that his interest in protecting the confidentiality of the documents at issue here is protected by the attorney-client privilege between the Hospital and its lawyers because he had a "joint-defense" relationship with the Hospital. However, to establish a joint-defense privilege, the Intervenor was required to demonstrate (1) the documents were made in the course of a joint-defense effort; (2) the documents were designed to further that

effort; and (3) the underlying attorney-client privilege has not been waived.  See United States v. Bay State Ambulance & Hosp. Rental Serv., Inc., 874 F.2d 20, 28 (1st Cir. 1989); see also United States v. Evans, 113 F.3d 1457, 1467 (7th Cir. 1997) (quoting United States v. Schwimmer, 892 F.2d 237, 243-44 (2d Cir. 1989) (noting that the "joint-defense privilege" is more properly labeled a "common interest rule")).  As the district court correctly found, Intervenor has failed to meet the elements of a joint-defense privilege because he has failed to produce any evidence, express or implied, of a joint-defense agreement with the Hospital, and he has failed to show how the documents at issue here furthered the putative joint-defense strategy.  Furthermore, it appears that the Hospital has waived its attorney-client privilege with respect to these documents, and as a result, there is no attorney-client privilege on which Intervenor can base his joint-defense privilege claim.

Because of our rulings on the issues above, we need not address, and do not address, the other issues raised by Intervenor.

## CONCLUSION

For these reasons, we AFFIRM the district court's order.