# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2010

_____

|  |  |  |
|---|---|---|
| In re:  Grand Jury Proceedings. | * * * * * | Appeal from the United States District Court for the Western District of Missouri. [UNPUBLISHED] |

_____

Submitted:  March 17, 2000

Filed:   March 22, 2000

_____

Before HANSEN and FAGG, Circuit Judges, and NANGLE,* District Judge.

_____

PER CURIAM.

During a grand jury investigation of Joe Dan Dwyer's alleged involvement in an insurance fraud scheme, law enforcement officers discovered evidence that Dwyer paid the college tuition for the child of a Missouri Department of Insurance employee.  The grand jury issued a subpoena duces tecum to the college for records related to those tuition payments, and Dwyer moved to intervene and to quash the subpoena.  The district court denied both motions, and the college then complied with the subpoena.

We must first address the Government's contention that the college's compliance with the subpoena moots Dwyer's appeal.  A case can become moot while pending on

_____

*The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri, sitting by designation.

appeal if an event occurs "that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party." Church of Scientology v. United States, 506 U.S. 9, 12 (1992) (quoted case omitted). Mere compliance with a grand jury subpoena does not moot an appeal, however, when as in this case a court can provide a partial remedy such as "the return or destruction of those documents." In re Grand Jury Subpoenas Duces Tecum, 78 F.3d 1307, 1311 (8th Cir. 1996); accord Church of Scientology, 506 U.S. at 12-13; Grand Jury Proceedings v. United States, 156 F.3d 1038, 1040 (10th Cir. 1998). Because Dwyer "raised a claim of privilege respecting the documents at issue," we also reject the Government's contention that Dwyer lacks standing to challenge the subpoena. In re Grand Jury Subpoena, 148 F.3d 487, 490 (5th Cir. 1998), cert. denied, 119 S. Ct. 1336 (1999); accord In re Grand Jury Proceedings, 655 F.2d 882, 884 (8th Cir. 1981).

On appeal, Dwyer contends the district court should have granted his motions to intervene and quash the subpoena because the college's production of the requested documents violates his Fifth Amendment and First Amendment rights. We disagree. Dwyer's Fifth Amendment rights are not violated because the college's compliance does "not 'compel' [Dwyer] to do anything – and certainly [does] not compel him to be a 'witness' against himself." Fisher v. United States, 425 U.S. 391, 396, 397 (1976). Likewise, even assuming Dwyer could show that compliance with the subpoena infringes on his First Amendment rights, we would still enforce the subpoena because the Government has shown "a compelling interest in and a sufficient nexus between the information sought and the subject matter of its investigation." In re Grand Jury Subpoenas Duces Tecum, 78 F.3d at 1312. Dwyer's remaining contention that production of the documents violates various state law privileges also fails because none of the alleged privileges applies to Dwyer's relationship with the college. See A.G. Edwards & Sons, Inc. v. Drew, 978 S.W.2d 386, 394 (Mo. App. 1998) (elements of state law fiduciary relationship and duty of confidentiality).

Having concluded the college's compliance with the grand jury subpoena does not implicate any of Dwyer's claimed rights or privileges, we affirm the district court's denial of Dwyer's motions to intervene and to quash.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.